UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICTORIANO VALENCIA and
CRUZ MARTINEZ, on behalf
of themselves and behalf of
other similarly situated,

        Plaintiffs,

   v.

DEL RIO WEST PALLET
COMPANY INC., CANDELARIO
VILLALOBOS, and DOES 1-10,

        Defendants.

NO. CIV. S-09-1228 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendants Del Rio West Pallet Company Inc. and Candelario Villalobos' ("defendants") motion to dismiss the action for lack of subject matter jurisdiction, arguing this court has neither diversity nor federal question jurisdiction over plaintiffs Victoriano Valencia and Cruz Martinez' ("plaintiffs") complaint alleging various wage

1

and hour violations by defendants.[1]  Fed. R. Civ. P. 12(b)(1). Plaintiffs were employed by defendants and allege that during the course of their employment, for the four years preceding the filing of the complaint, defendants failed to (1) pay plaintiffs proper wages and overtime pay, (2) provide plaintiffs with the requisite rest and meal periods, and (3) provide plaintiffs with adequate pay statements.  (Compl., filed May 4, 2009 [Docket #2].)  In support of these claims, plaintiffs allege violations of both federal and state law, namely: (1) violation of California Labor Code § 510, for failure to properly pay overtime wages; (2) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages; (3) violation of California Labor Code § 226.7, for failure to provide rest and meal periods;
(4) violation of California Labor Code § 201, for failure to pay wages due and for waiting time penalties; (5) violation of California Business and Professions Code § 17200, for engaging in unfair business practices; and (6) violation of California Labor Code § 226, for failure to provide adequate pay statements.

    Defendants' motion to dismiss is properly summarily DENIED. While defendants are correct that there is no diversity jurisdiction in this case, from the face of plaintiffs' complaint a federal claim for relief is clearly alleged, thereby providing this court with federal question jurisdiction over this action. 28 U.S.C. § 1331 (providing federal district courts with original

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1  jurisdiction in actions "arising under the Constitution, laws or
2  treaties of the United States").  Plaintiffs' second claim for
3  relief is for violation of the FLSA.  (Compl., ¶s 28-36 ["Count
4  Two"].)  Pursuant to that *federal* law, plaintiffs seek to recover
5  unpaid overtime wages as well as liquidated damages for
6  themselves and a class of similarly situated employees.  Because
7  plaintiffs have clearly presented a federal question on the face
8  of their complaint, namely whether defendants violated the
9  strictures of the FLSA thus entitling plaintiffs to the remedies
10 thereunder, the court properly has subject matter jurisdiction
11 over this action.  See <u>Wham-O-MFG Co. v. Paradise Manfacturing
12 Co.</u>, 327 F.2d 748 (9th Cir. 1964).[2]

    Moreover, the court notes that contrary to defendants'
protestations, plaintiffs' FLSA claim is not duplicative of
plaintiffs' state law claims.  Indeed, even if it was, there
would still be no grounds to dismiss this action.  Plaintiffs may
allege claims for relief in the alternative.  Fed. R. Civ. P.
8(d).  However, in this instance, plaintiffs' FLSA claim is not
duplicative of their state law claims, as the respective laws
have different requirements and provide plaintiffs with different
remedies for violations of the laws.  For example, the FLSA
requires an employer to pay overtime wages when an employee works
over 40 hours in a week, while under the California Labor Code,
overtime pay is due when an employee works over 8 hours in a day,

---

[2] Plaintiffs' reliance on <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1483 (9th Cir. 1996) is wholly unavailing.  In <u>Duncan</u>, the issue presented was the propriety of removal where the plaintiff did not expressly allege a federal claim for relief.  Here, plaintiffs clearly allege such a claim pursuant to the FLSA.

3

1 even if the employee does not work 40 hours in a week.  29 U.S.C.
2 § 207(a)(1); Cal. Labor Code § 510.  Additionally, the FLSA
3 awards both restitution of unpaid overtime wages and liquidated
4 damages in an amount equal to the amount of overtime owed for
5 violations of the statute, while the California Labor Code awards
6 only restitution of the overtime wages.  29 U.S.C. § 216(b); Cal.
7 Labor Code § 1194(a).  These are only some of the substantial
8 differences between the federal and state laws at issue in this
9 case.  Thus, defendants are incorrect that plaintiffs' claims are
10 duplicative.

    Accordingly, for all of the above reasons, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is DENIED.

    IT IS SO ORDERED.

DATED: August 3, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE